UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 18-cr-00634 |
| v. | ) | |
| | ) | Judge Sharon Johnson Coleman |
| JORGE DIAZ . | ) | |
| | ) | |
| | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

On July 14, 2023, a jury convicted defendant Jorge Diaz on two counts of possession and intent to distribute cocaine in violation of 21 U.S.C. § 846. Defendant has filed a post-trial motion for a new trial. For the following reasons, the Court denies the motion.

**Background**

In March 2021, Diaz was charged in a two-count superseding indictment. Count One of the indictments alleges that from August 2016 through December 15, 2016, Diaz conspired with Individual A, Individual B, and others to possess with intent to distribute five kilograms or more of cocaine. Count Two of the indictment alleges that on December 15, 2016, Diaz attempted to possess with intent to distribute five kilograms or more of cocaine. A jury found Diaz guilty on July 10, 2023.

*Maria Bonilla's Testimony*

At trial, the government called Maria Bonilla to the stand. Bonilla took the stand and swore an oath to tell the truth. The government asked Bonilla questions regarding her participation in drug trafficking and her cooperation with the government in this case. Bonilla answered all of the government's questions. However, Bonilla's answer to the majority of the government's questions was some variation of "I do not remember." Bonilla testified that she thought her diabetes may

1

impact her ability to remember things.  The government attempted to refresh Bonilla's recollection with her grand jury testimony but was not successful in doing so.

After this part of her testimony, the Court took a recess and excused the jury to hear argument from counsel regarding the government's motion to admit Bonilla's grand jury testimony pursuant to Rule 801(d)(1)(A).  After hearing the parties' arguments outside of the jury's presence, the Court admitted a portion of the grand jury testimony.  The parties conferred and agreed regarding what portions of the testimony to redact.  The Court recalled the jury to the courtroom.  The government then published the agreed-upon excerpts of the grand jury testimony by reading them to the jury and continued its direct examination.

The government then tendered the witness, and Diaz's counsel cross examined her. In his cross examination, Diaz's counsel pointed out that Bonilla did not have a lawyer for the purpose of her grand jury testimony, and she was not charged for her drug trafficking activities.  He also elicited that Bonilla had a tattoo of the patron saint of drug trafficking.  Bonilla answered every question defense counsel asked her, primarily responding with some variation of "I do not remember."

*Agent Hugo Alacon's Testimony*

At trial, the government presented evidence to authenticate recorded calls and meetings between Bonilla, Diaz, and other co-conspirators in Mexico.  As part of this evidence, the government called Agent Hugo Alarcon to the stand.  Agent Alarcon testified that he personally spoke with Diaz for approximately 10 minutes after he was arrested on December 15, 2016.  During that time, Agent Alarcon asked Diaz biographical questions including questions about his name, residence, passport, tattoos, siblings' information, parents' information, and employment.  Agent Alarcon also testified that he is a native Spanish speaker.

After the government rested its case, Diaz made a motion for a judgment of acquittal under Rule 29, which the Court denied.  On July 14, 2023, the jury returned a guilty verdict on both counts

of the superseding indictment.  On August 28, 2023, defendant filed a post-trial motion for a new

trial pursuant to Rule 33.

**Legal Standards**

Rule 33 authorizes district courts to "vacate any judgment and grant a new trial if the interest

of justice so requires."  Fed. R. Crim. P. 33(a).  Granting a new trial is "reserved for only the most

extreme cases," and courts "approach such motions with great caution."  *United States v. Coscia*, 4

F.4th 454, 465 (7th Cir. 2021) (citations omitted).  "The applicable standard under Rule 33 requires a

new trial 'only if there is a reasonable possibility that the trial error had a prejudicial effect on the

jury's verdict.'"  *United States v. Maclin*, 915 F.3d 440, 444 (7th Cir. 2019) (quoting *United States v.*

*Flournoy*, 842 F.3d 524, 530 (7th Cir. 2016)).  "The ultimate inquiry is whether the defendant was

deprived of a fair trial."  *United States v. Friedman*, 971 F.3d 700, 713 (7th Cir. 2020) (citation omitted).

District courts have considerable discretion in determining Rule 33 motions.  *Id.* at 716.

**Discussion**

Diaz makes two arguments in support of his motion: (1) the Court erred in admitted the

grand jury testimony of Maria Bonilla at trial; and (2) Agent Hugo Alarcon's testimony was

insufficient to authenticate certain audio recordings.

*Maria Bonilla's Grand Jury Testimony*

Diaz argues that even though Bonilla was physically present in Court, there was no

meaningful opportunity to cross-examine her as to her earlier narcotic trafficking and identification

because her memory loss prevented any reasonable questioning.  Diaz further argues that the Court

erred in permitting the government to use portions of Bonilla's grand jury testimony because the

prior statements were given in the police station to federal agents and before the federal grand jury

when no one was present to advocate on  Diaz's behalf.  In Diaz's view, this introduction of

testimony violates the Confrontation Clause because his only opportunity to cross examine Bonilla occurred after her memory loss, equating to no cross-examination at all.

The Court disagrees. In criminal cases, the Sixth Amendment provides that "the accused shall enjoy the right ... to be confronted with the witnesses against him." U.S. Const. amend. VI. This guarantee has long been understood to include "the right of cross-examination." *Douglas v. Alabama*, 380 U.S. 415, 418, 85 S.Ct. 1074, 13 L.Ed.2d 934 (1965). The Confrontation Clause guarantees only "an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *United States v. Owens*, 484 U.S. 554, 559, 108 S.Ct. 838, 98 L.Ed.2d 951 (1988). The Clause does not guarantee that "every witness called by the prosecution will refrain from giving testimony that is marred by forgetfulness, confusion, or evasion." *Delaware v. Fensterer*, 474 U.S. 15, 21–22, 106 S.Ct. 292, 88 L.Ed.2d 15 (1985). Instead, "the Confrontation Clause is generally satisfied when the defense is given a full and fair opportunity to probe and expose these infirmities through cross-examination, thereby calling to the attention of the factfinder the reasons for giving scant weight to the witness' testimony." *Id.* at 22, 106 S.Ct. 292; *see also United States v. Shaffers*, 22 F.4th 655, 660–61 (7th Cir. 2022). Here, Bonilla was present in Court and Diaz had every opportunity to and did, in fact, cross-examine her. The fact that Bonilla had memory loss did not deprive Diaz of his Sixth Amendment rights. Thus, this argument fails.

The Court is also not persuaded by Diaz's claim that the admission of Bonilla's prior grand jury testimony violated his rights. It is well settled in the Seventh Circuit that when a witness claims memory loss at trial, admission of the witness's prior inconsistent statements does not violate the Confrontation Clause or Rule 801(d)(1)(A). *See, e.g., Shaffers*, 22 F.4th at 660-63 (upholding the admission of grand jury testimony at trial where a witness testified that she had no memory of the events and did not recall her testimony before the grand jury); *United States v. Thomas*, 794 F.3d 705

4

(7th Cir. 2015) (when witness claimed memory loss, district court erred in denying admission of prior inconsistent statements "because grand jury testimony is admissible as evidence when the witness has no recollection of it"). This would be true even if Bonilla was untruthful as to her memory loss. *See United States v. Keeter*, 130 F.3d 297 (7th Cir. 1997) (upholding the admission of grand jury testimony from a witness who "feign[ed] amnesia" at trial.) Accordingly, the admission of Bonilla's grand jury testimony did not violate defendant's Sixth Amendment rights.

*Admission of the Audio Recordings*

Diaz next argues that the Court erred when it admitted the audio recordings in this case because the government did not sufficiently authenticate the recordings. Federal Rule of Evidence 901(b)(5) permits voice identification of an individual's voice on a recording "by opinion based upon hearing the voice at any time under circumstances connecting it with the alleged speaker." Fed. R. Evid. 901(b)(5). The Seventh Circuit has recognized that a "low bar of minimal familiarity" is required to meet the mandates of this Rule. *United States v. Jones,* 600 F.3d 847, 858 (7th Cir. 2010); *see also United States v. Recendiz,* 557 F.3d 511, 527 (7th Cir. 2009).

The Court disagrees with Diaz. Agent Alarcon testified that he personally spoke with Diaz for approximately 10 minutes after he was arrested on December 15, 2016. Agent Alarcon further testified that he asked Diaz biographical questions, to which he received "detailed" answers, and that Alarcon is a native Spanish speaker. Agent Alarcon's interaction with Diaz more than satisfied the minimal familiarity standard. *United States v. Mansoori*, 304 F.3d 635, 665 (7th Cir. 2002) (holding that a witness who heard defendants' voices once during a court proceeding satisfied the "minimal familiarity" requirement); *United States v. Neighbors,* 590 F.3d 485, 493 (7th Cir. 2009) (minimal familiarity requirement satisfied where detective had a 5-10 minute conversation with defendant during post-arrest interview, and heard defendant speak during various court proceedings).

Diaz argues that the Court erred in admitting the audio recordings into evidence based on Agent Alarcon's testimony because the testimony contained contradictions and lacked proper foundation sufficient to satisfy the clear and convincing standard required to authenticate the audio recordings. Diaz, however, fails to cite any case law in support of his argument. In any case, Diaz's arguments would not impact the fact that Agent Alarcon's testimony meets the "minimal familiarity" standard. *See United States v. Trent*, 863 F.3d 699, 707 (7th Cir. 2017) ("Minimal familiarity is not a high bar."). Thus, his argument fails. Accordingly, the admission of the audio recordings at trial was proper.

**Conclusion**

For the above reasons, the Court denies Diaz's motion for a new trial.


IT IS SO ORDERED.

Date: 12/13/2023                     Entered:_____

                                          SHARON JOHNSON COLEMAN
                                          United States District Judge

6